UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF INDIANA
                         FORT WAYNE DIVISION

UNITED STATES OF AMERICA )
                         )
v.                       )   CASE NUMBER: 1:09-CR-51-TLS
                         )
JERMAINE ASKIA COOPER    )

                           **OPINION AND ORDER**

This matter is before the Court on Defendant Jermaine Askia Cooper's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 165], filed on September 23, 2013, the Government's Response in Opposition [ECF No. 169], and the Defendant's Response to the Government's Response in Opposition [ECF No. 172]. The Defendant requests an evidentiary hearing [ECF No. 168] in connection with his motion for post conviction relief.

                                **BACKGROUND**

In May 2009, police in Fort Wayne applied for a warrant to search the Defendant's residence. Detective Marc Brown prepared the supporting affidavit, which detailed the methodology and results of several controlled purchases of cocaine that an informant made from the Defendant. One of the purchases took place at a gas station, two occurred at the Defendant's home, and one at a bar that the Defendant managed. Detective Brown concluded his affidavit with a statement that officers had maintained constant visual surveillance of the informant during all of the controlled buys, had monitored his conversations, and had kept the Defendant's home under constant visual surveillance while the informant was inside.

A state judge issued the search warrant. Police arrested the Defendant after they executed

the warrant and found drugs and guns inside the Defendant's home. Federal authorities took over the investigation and charged the Defendant with multiple crimes. After he was indicted, the Defendant moved to suppress the evidence found in his home, arguing that Detective Brown's affidavit failed to establish probable cause because it lacked reliability about the informant and omitted significant information about each of the controlled buys. The district court denied the Defendant's motion to suppress the evidence from the search.

At trial, the Government called the informant, Detective Brown, and other local police officers and federal agents involved with the investigation. The Government also introduced recordings made from the audio transmitted by the informant for three of the four drug transactions (because of a technical problem, there was no recording of the second buy). The jury convicted the Defendant of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1), possession and distribution of crack cocaine under 21 U.S.C.§ 841(a)(1) for the drug transactions for which there were audio recordings, and obstruction of justice under 18 U.S.C.§ 1512(c)(2). The jury acquitted the Defendant on the distribution count corresponding to the second controlled buy and on a charge of using a firearm during and in relation to the fourth buy. The Defendant moved for a judgment of acquittal on the counts of conviction, which the district court denied.

After sentencing, the Defendant appealed the adverse ruling on his motion to suppress. The Court of Appeals found that the affidavit supporting the warrant established probable cause, and affirmed the district court's pretrial ruling. *See United States v. Cooper*, 485 F. App'x 826 (7th Cir. 2012).

The Defendant now seeks to vacate his conviction on grounds that his counsel was

ineffective (1) in connection with his motion to suppress; (2) when he failed to adequately investigate the Defendant's case and speak to a witness who could have provided exculpatory evidence; and (3) when he did not preserve his due process rights by attempting to demonstrate that the controlled buys were improperly executed.

## DISCUSSION

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A motion under § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In seeking to prove that his counsel rendered ineffective assistance, the Defendant "bears a heavy burden." *Jones v. Page*, 76 F.3d 831, 840 (7th Cir. 1996) (citation omitted). To establish ineffective assistance of counsel, a petitioner must show that: (1) his attorney's performance "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) there is a reasonable probability that "but for counsel's unprofessional errors the

result of the proceeding would have been different," *Id.* at 694. "A failure to establish either prong results in a denial of the ineffective assistance of counsel claim." *Rastafari v. Anderson*, 278 F.3d 673, 688 (7th Cir. 2002) (citation omitted).

The performance prong requires the Defendant to specifically identify acts or omissions that form the basis of his claim of ineffective assistance. *Strickland*, 466 U.S. at 690. Based on the totality of the circumstances, the Court must then determine whether the identified acts and omissions fall outside the range of professionally competent assistance. *Id.* The prejudice prong requires the Defendant to show that his trial counsel's errors are so serious as to render his trial fundamentally unfair or unreliable. *Lockhart v. Fretwell*, 506 U.S. 364, 368–69 (1993). "Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel." *Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996).

### A. The Motion to Suppress

The Defendant argues that his counsel was "negligent in failing to challenge the search warrant affidavit on the grounds that material and relevant information was omitted from it, thus precluding the issuing judge from making an informed decision as to probable cause." (Motion, Ground One, ECF No. 165 at 4.) In a related ground for relief, the Defendant asserts that his counsel should have challenged the search warrant affidavit using the theory that the controlled buys, which were the basis for the probable cause finding, were not in conformity with Seventh Circuit authority.

The essence of the Defendant's argument is that counsel's motion to suppress was not legally adequate because it did not address several of the affidavit's deficiencies. According to

4

the Defendant, these deficiencies would have caused the judge to question the informant's credibility, which was important because he was the only person who linked the Defendant to the residence. The Defendant argues that his counsel should have noted that the informant was paid for his services as an informant, and was arrested for possessing crack cocaine before becoming an informant. He submits that the information provided in the affidavit about the controlled purchases did not establish probable cause that he was dealing drugs because the affidavit did not indicate that the informant was strip searched before two of the controlled purchases and thus could have concealed the drugs in his body cavity. He maintains that the affidavit is ambiguous whether the informant was under surveillance the entire time between being prepped for the buy and arriving at the Defendant's home.

"Probable cause is established when, considering the totality of the circumstances, there is sufficient evidence to cause a reasonably prudent person to believe that a search will uncover evidence of a crime." *United States v. Harris*, 464 F.3d 733, 738 (7th Cir. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). When a search is authorized by a warrant, deference is owed to the issuing judge's conclusion that there is probable cause. *United States v. Sims*, 551 F.3d 640, 644 (7th Cir. 2008). Courts should defer to the issuing judge's initial probable cause finding if there is "substantial evidence in the record" that supports his decision. *Id.* (citing *United States v. Koerth*, 312 F.3d 862, 865 (7th Cir. 2002)). A judge may not rely solely on "conclusory allegations" or a "bare bones" affidavit. *Id.*

None of the arguments that the Defendant maintains his counsel should have made would have altered the Court's conclusion that the affidavit established a reasonable probability that evidence of drug trafficking would be found at the Defendant's residence. As the Seventh Circuit

stated with respect to this case:

> Here, the affidavit describes four supervised crack purchases made by the informant from Cooper. When properly executed, a controlled buy provides a reliable indicator of illegal drug activity. *United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir.2006); *see, e.g., United States v. Norris*, 640 F.3d 295, 300 (7th Cir. 2011); *United States v. Wilburn*, 581 F.3d 618, 624 (7th Cir. 2009); *United States v. Smith*, 576 F.3d 762, 765 (7th Cir. 2009); *United States v. Wiley*, 475 F.3d 908, 912 (7th Cir. 2007). The police watched the informant the entire time and listened to the four transactions (successfully recording three of them). Two of these buys took place at Cooper's home, the very location the officers sought to search. This provided ample basis for the state judge's finding of probable cause to issue the warrant.

*United States v. Cooper*, 485 F. App'x at 829. The details surrounding the four supervised purchases provided a reliable indicator of illegal drug activity, apart from any motivations the Defendant had for cooperating with police. Pointing out that Detective Brown did not advise the state court judge that the informant was paid would not have altered the outcome of the motion to suppress, and it was not outside the range of professionally competent assistance not to make this a point of contention in connection with the motion to suppress.

Additionally, it was not outside the range of professionally competent assistance, and the Defendant was not prejudiced, when his counsel declined to argue that the controlled purchases failed to establish probable cause because the informant's body cavities were not searched. The fact that a scenario is conceivable, such as the informant hiding drugs in his body cavity, does not negate the existence of probable cause. *See United States v. Sidwell*, 440 F.3d 865, 869 (7th Cir. 2006) (noting that although the defendant's argued scenario was "theoretically possible" it did not negate probable cause, which requires "only a probability or substantial chance that evidence may be found"); *United States v. McKinney*, 143 F.3d 325, 329 (7th Cir. 1998) (stating that "[w]hile police can always do more to boost reliability" the court's probable cause finding

6

for issuance of search warrant was sufficiently supported by controlled buys conducted without a full pre-buy search or radio or video surveillance equipment because "probable cause determination does not require the same amount of certainty as a guilty verdict").

The Defendant also faults his counsel for not exploiting an ambiguity in the affidavit. The Defendant argues that Detective Brown's statement that the informant "drove directly" to the Defendant's address after being searched and fitted with surveillance equipment was too ambiguous to determine whether the statement was derived from an assumption or an actual observation. Calling the affidavit ambiguous on these grounds ignores the standards of review applicable to a judge's determination of probable cause, which is to be given "considerable weight" and only overruled when the "supporting affidavit, read as a whole in a realistic and common sense manner does not allege facts and circumstances from which" the judge could reasonably conclude that the items sought could be located. *United States v. Norris*, 640 F.3d 295, 300 (7th Cir. 2011) (quoting *United States v. Newsom*, 402 F.3d 780, 782 (7th Cir. 2005)); *see also United States v. Lloyd*, 71 F.3d 1256, 1262 (7th Cir. 1995) (stating that "courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a common-sense manner") (quoting *Gates*, 462 U.S. at 236 (quotation marks and brackets omitted)). The affidavit provided sufficient information to conclude that the informant was under constant surveillance from the time he was searched to the time he arrived at the Defendant's home and entered and exited it, and that when he was not in an officer's view, his conversation was still being monitored. In fact, for one of the controlled purchases, Detective Brown rode in the back of the informant's vehicle as he drove to the Defendant's residence. The affidavit, read as a whole, alleges facts and circumstances from which a judge could reasonably conclude that

7

evidence of drug trafficking would be found in the Defendant's home, and it was not outside the range of professionally competent assistance or prejudicial to the Defendant to decline to attempt to convince the Court otherwise on the basis of the Defendant's argued ambiguity.

As three courts have already determined (the issuing court, this Court, and the Court of Appeals), the affidavit provided sufficient indicia of probable cause. The record does not establish that the Defendant's Sixth Amendment rights were violated during his counsel's challenge to the admission of evidence that was recovered at his residence during the execution of the search warrant.

**B.     Potential Witness**

The Defendant claims that his counsel provided ineffective assistance when he did not locate and interview the informant's sister, Leilana Pressler, as she would have provided exculpatory testimony. The Defendant maintains that a private investigator has located Pressler, and that Pressler would have testified that the informant told her he decided to cooperate against the Defendant because he wanted leniency after being stopped by police and they found cocaine in his vehicle. He claims this is impeachment evidence because the informant testified at trial that he went to police on his own accord. The Defendant maintains that Pressler would have also offered testimony that could have also impacted the jury's finding with respect to the obstruction of justice charge. According to the Defendant, evidence was submitted at trial that the Defendant's brother contacted the informant and offered him money if he would leave town and not testify, and Pressler's testimony would have refuted this. Pressler relates in her affidavit that she would testify that it was the informant who asked her to contact the Defendant's brother

8

about receiving payment for not testifying.

Counsel's decision not to call Pressler to testify at the Defendant's trial was not objectively unreasonable. The jury heard that the informant has a prior conviction, he was using drugs himself, he had sold drugs himself, he was a first-time confidential informant, and he was paid for his informing. The jury also heard that the Defendant had been supplying the informant with crack cocaine for at least four years, that the informant decided that stopping his supplier was essential to ending his own drug use, and that he cooperated with police in four controlled purchases of crack from the Defendant. The Defendant does not clearly explain the evidentiary value of the fact that the informant did not admit to his sister that the reason he cooperated with police was so he could stop the person who was supplying drugs to him as a way to help him with his addiction, and instead told her he cooperated to help with his own legal troubles. The Defendant appears to believe that because the informant told his sister he was stopped by the police, that is in fact the true version of events and should have been before the jury as proof that the police investigation began as a "result of [the informant's] manipulation of the Fort Wayne authorities." (ECF No. 167 at 18.) The ramifications of Pressler's statement is not remotely as important as the Defendant believes, both because it is not proof of how the investigation actually began and because the reason it began is immaterial. The jury had before it sufficient evidence to support its verdict that the Defendant distributed drugs on three separate occasions. The absence of Pressler's testimony on this point did not bring about a violation of the Defendant's Sixth Amendment right to effective legal representation.

Likewise, Pressler's statement that the informant asked her to contact the Defendant's brother seeking payment would not have benefitted the Defendant. The testimony would have

9

been cumulative of evidence already in the record. The informant testified during trial that he told one of the Defendant's brothers that he would leave town if he was paid $1,000, but the brother declined to pay him. The Defendant's brother confirmed this version of events during his own testimony, stating that the informant had called him about getting paid to leave town.

Moreover, the Defendant's argument is premised on a mistake regarding the basis for the obstruction of justice charge. The obstruction charge was based on the Defendant's own statements to others during recorded jail visits and phone calls, and in letters that he needed to pay someone to take responsibility for the contraband police found inside his residence. There is no reasonable probability that calling Pressler to testify about the unrelated issue of the informant's offer to leave town would have altered the jury's verdict on the obstruction of justice charge.

The Defendant has not shown that his counsel's failure to call Pressler to testify falls outside the range of professionally competent assistance, or that his trial was rendered fundamentally unfair or unreliable.

**CERTIFICATE OF APPEALABILITY**

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a defendant must show that "reasonable jurists could debate whether (or, for that matter, agree that) the motion should have been resolved in a different manner or that the issues

presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). Where the district court has rejected the constitutional claim on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. A defendant is not required to show that he will ultimately succeed on appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003) (stating that the question is the "debatability of the underlying constitutional claim, not the resolution of that debate").

For the reasons set forth above, the Court finds that no reasonable jurist could find the Court's assessment of the ineffective assistance of counsel claim debatable or wrong, or that the issues the Defendant presented were adequate to deserve encouragement to proceed further.

**CONCLUSION**

For the reasons stated above, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 165], and because the Motion along with the files and records of this case conclusively show that the Defendant is entitled to no relief, DENIES the Defendant's Motion for Evidentiary Hearing [ECF No. 168]. The Court DECLINES to issue the Defendant a Certificate of Appealability.

SO ORDERED on March 24, 2014.

                                                    s/ Theresa L. Springmann
                                                  THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT