# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:09CR-51-TLS |
| | ) | |
| JERMAINE ASKIA COOPER | ) | |

## ORDER

The Defendant, Jermaine Askia Cooper, has moved for a reduction in his sentence pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2) [ECF No. 192]. Having now considered the Addendum to the Presentence Report [ECF No. 195] and the parties' briefing, the Court GRANTS the Defendant's Motion.

## BACKGROUND

After a jury trial, the Defendant was convicted of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (Count 7), possession and distribution of crack cocaine, 21 U.S.C. § 841(a)(1) (Counts 1, 3, 4, and 5), and obstruction of justice, 18 U.S.C. § 1512(c)(2) (Count 8).

The amount of drugs involved in the Defendant's offense of conviction, as noted in the PSR was determined to be 263.6 kilograms of marijuana (after conversion of multiple substances). The Guideline computation was based on the most serious offense level, in this case, the drug counts. The sentences in Counts 1, 3, 4, 5, 7 and 8 were all grouped for sentencing purposes. As a result, the Defendant's total offense level was 34, his criminal history category was V and the sentencing range was 235 to 293 months. However, the maximum sentence in Counts 1, 3, 4, and 8 was capped at 240 months. The Court sentenced the Defendant to a term of 240 months for the drug and obstruction counts, and 265 months for Count 5, which was 30

months above the low end of the Guideline sentence, and 120 months for Count 7. All counts were to run concurrent.

Under the amended Guidelines, the Defendant's range of imprisonment is 188 to 235 months. The Defendant's post sentencing conduct in the Bureau of Prisons includes three sanctioned disciplinary incidents, and participation in several educational classes.

**DISCUSSION**

Courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). An exception exists

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission").

The applicable policy statement is U.S.S.G. § 1B1.10. It provides a clear prohibition against reducing "the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range" that "would have been applicable to the defendant if the amendment . . . had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1) & (b)(2)(A). The only exception to this

prohibition is if the defendant previously received a term of imprisonment that was less than the applicable Guideline range pursuant to a government motion for substantial assistance. *Id.* at (b)(2)(B); *see also United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015) (noting that "a court normally does not have discretion in a proceeding under § 3582 to impose a sentence below the amended guidelines range, *see id.* § 1B1.10(b)(2)(A), but that, as an "exception to that rule," a "court is authorized to give a comparable, below-guidelines reduction if the offender previously received a below-guidelines sentence because of substantial assistance. *Id.* § 1B1.10(b)(2)(B)"); *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011) ("below-Guidelines modifications in § 3582(c)(2) proceedings are forbidden, USSG § 1B1.10(b)(2)(A), except where the original sentence was itself a downward departure. § 1B1.10(b)(2)(B)").

Under the amended United States Sentencing Guidelines, the Defendant's criminal history category is V and his offense level is 32, resulting in a sentencing range of 188 to 235 months. The Government asks that the Defendant receive a sentence at the high end of the new range, but in no event receive a sentence that is lower than the place in the new range that corresponds to the sentence he originally received, which would be 218 months. The Government argues that the Defendant's original sentence was given after consideration of the dismissal of probation revocation proceedings stemming from drug activity. According to the Government, the dismissal of the probation petition was made based on the consideration that the Defendant was receiving a 265-month term of imprisonment. The Government also contends that, since being in prison, the Defendant has had 10 sanctioned disciplinary incidents, including such major offenses as possessing intoxicants and drugs, and possessing gambling paraphernalia and unauthorized items.

3

The Court has considered the filings in this case, along with the relevant 3553(a) factors. Additionally, the Court has considered the danger to the public as the result of any reduction in the Defendant's sentence, the seriousness of the Defendant's offense, the Defendant's post-sentencing conduct, and the need to protect the public. *See id.* § 1B1.10 cmt. n.1(B)(ii). Having done so, the Court finds that the Defendant's sentence for Counts 1, 3, 4, 5, and 8 should be reduced to 211 months.

The Court does not find support for the Government's position that the Defendant has amassed 10 sanctioned disciplinary incidents. The probation Addendum reports only 3. Additionally, while the Government dismissed probation revocation proceedings *after* the Defendant's sentence was determined and imposed, there is no evidence that the Court took the dismissal into account when it determined the Defendant's sentence. However, the Court also finds that any reduction must reflect the seriousness of the offense and protect the public from further crimes of the Defendant. The Defendant was on supervised release for armed bank robbery when he began dealing drugs. When police attempted to arrest him, he fled at high speed, discarding a firearm along the way. A search of his residence uncovered other firearms, fully loaded. He then continued to attempt to obstruct justice while being detained pre-trial. In addition to his continued disregard for the law, the Defendant has remained unremorseful for any of his illegal conduct. None of the Defendant's accomplishments through the BOP [*see* ECF Nos. 195 and 198] outweigh the considerations brought about by the seriousness of his offense and his extensive criminal history, such that he should receive the low end of the amended range. While the Government appears to favor a sentence of 235 months, the Court finds that a somewhat lower sentence, for 211 months, will continue to serve the purposes of punishment in

this case, particularly given the age that the Defendant will be when he is released.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 192]. The Defendant's sentence for Counts 1, 3, 4, 5, and 8 is reduced to 211 months.

SO ORDERED on March 29, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
