UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:09CR-51-TLS |
| | ) | |
| JERMAINE ASKIA COOPER | ) | |

**OPINION AND ORDER**

The Defendant, Jermaine Askia Cooper, has filed a "Letter-Motion For Reduction/Modification of Supervised Release Terms & Sentence for Good Cause" [ECF No. 201]. By way of introduction, the Letter-Motion

> asks that the Court consider any and all matters which have occurred subsequently to his sentencing initially or which have been overlooked, or which the USSG Guidelines amendments and changes in laws subsequently may have created "wiggle room" for the court to impose lesser and more appropriate specific sentence which is sufficient but not more than what is required to meet the purposes of punishment under the relevant laws.

(Letter-Motion 1.) The Letter-Motion presents argument related to supervised release, uncredited pretrial time, and Guideline ambiguity. On August 12, 2016, the Government filed a Response [ECF No. 204] opposing the Defendant's requested relief. The Defendant has not filed a reply.

For the reasons stated in this Opinion, the Court finds that there is no basis upon which to modify the Defendant's sentence.

**BACKGROUND**

After a jury trial, the Defendant was convicted of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1) (Count 7), possession and distribution of crack cocaine, 21 U.S.C. § 841(a)(1) (Counts 1, 3, 4, and 5), and obstruction of justice, 18 U.S.C. § 1512(c)(2) (Count 8).

The amount of drugs involved in the Defendant's offense of conviction, as noted in the

Presentence Investigation Report was determined to be 263.6 kilograms of marijuana (after conversion of multiple substances). The Guideline computation was based on the most serious offense level, in this case, the drug counts. The sentences in Counts 1, 3, 4, 5, 7 and 8 were all grouped for sentencing purposes. As a result, the Defendant's total offense level was 34, his criminal history category was V and the sentencing range was 235 to 293 months. However, the maximum sentence in Counts 1, 3, 4, and 8 was capped at 240 months. The Court sentenced the Defendant to a term of 240 months for the drug and obstruction counts, and 265 months for Count 5, which was 30 months above the low end of the Guideline sentence, and 120 months for Count 7. All counts were to run concurrent.

On August 6, 2015, the Defendant requested a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 [ECF No. 192]. Under the amended Guidelines, the Defendant's range of imprisonment was 188 to 235 months. The Court reduced the Defendant's sentence to 211 months for Counts 1, 3, 4, 5, and 8 [Order, ECF No. 199].

## ANALYSIS

The Defendant's Letter-Motion presents various requests for relief. Although he does not present specific argument related to Guideline amendments, the Letter-Motion also identifies 18 U.S.C. § 3582(c)(2) as a potential source of relief. Additionally, the Defendant requests that the terms of his supervised release be revised because they were not tailored to him, or were overbroad. The Defendant also complains that the Bureau of Prisons (BOP) has not credited him with all the time he is due. Finally, he submits that changes brought about by the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), might apply to the

Guidelines or laws under which he was sentenced.

A. Section 3582(c)(2)

Section 3582(c)(2) is an exception to the rule that courts have limited authority to modify a term of imprisonment once it is imposed. *See* 18 U.S.C. § 3582(c). Subsection (c)(2) is an exception for defendants who were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *Id.* § 3582(c)(2); *see also United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) (noting that a court may reduce a sentence under § 3582(c)(2) "if (1) the original sentence was 'based on' a subsequently lowered sentencing range and (2) the reduction is consistent with the policy statements issued by the Commission").

Because the Defendant has already received a sentence reduction pursuant to § 3582(c)(2) and Amendment 782, he cannot obtain further relief under that Amendment. The Seventh Circuit has held that defendants "are not entitled to more than one opportunity to request a lower sentence, for any given change in the Guideline range" *United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011) ("Once the district judge makes a decision, Rule 35 applies and curtails any further power of revision, unless the Commission again changes the Guidelines and makes that change, too, retroactive."). Further, as the Government points out, § 3582 reductions are not resentencings. *See Dillon v. United States*, 560 U.S. 817 (2010) (holding that judges are not required to conduct a full resentencing in response to a § 3582(c)(2) motion). Thus, the Defendant "cannot use this statute to attempt to benefit from an array of cases that were handed down after his sentencing, especially when he has not and cannot show they apply to him,

provide him relief and that he is in a posture to be entitled to the relief he seeks." (Gov't Resp. 4.) To the extent the Defendant seeks a further reduction of his sentence under § 3582(c)(2), his request is denied.

**B.    Vagueness Challenges**

The Defendant's Letter-Motion invokes the Supreme Court's holding in *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), because it was so vague as to violate due process. 135 S. Ct. at 2557. The Defendant, who was not sentenced as a career offender, has not claimed that the holding in *Johnson* is directly applicable. He appears to contend that other laws may be subject to vagueness challenges based on the holding in *Johnson.* If the Defendant believes his sentence should be vacated, set aside, or corrected "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" 28 U.S.C. § 2255, he must file a motion that complies with Rule 2 of the Rules Governing Section 2255 Proceedings for the United States District Courts. His current submission does not comply with the rule.

Moreover, the Defendant has already filed a § 2255 motion [ECF Nos. 163, 165], which the Court denied [ECF No. 173]. Any "second or successive" habeas motion could not be filed in this Court unless it was "certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the

4

appropriate court of appeals for an order authorizing the district court to consider the application.") The Defendant filed a request with the Court of Appeals for permission to file a second § 2255 motion, which the Court of Appeals denied. (Case No. 16-1629, Order dated Mar. 31, 2016.) Therefore, to the extent the Defendant seeks to vacate, set aside, or correct a sentence as contemplated by § 2255, the Court is without jurisdiction to consider it. *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007) (holding that unless the defendant "seeks and obtains permission from the court of appeals to file [a second or successive] motion, the district court is without jurisdiction to entertain his request").

**C.     Jail Credit Time**

The Court is also without authority to grant the Defendant relief on his claim that the Bureau of Prisons (BOP) has not accurately assessed him credit for time served. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992). This delegation of tasks includes responsibility for computing jail time credits and determining a sentence termination date once the defendant actually begins serving his sentence. *Wilson*, 503 U.S. at 335. Requests for credit for time served must be made initially through the BOP administrative channels, which are governed by federal regulation. *United States v. Koller*, 956 F.2d 1408, 1417 (7th Cir. 1992); *see also* 28 C.F.R. § 542.10 ("The purpose of the Administrative Remedy Program is to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."). Prisoners may then seek judicial review of the BOP computation in a district court pursuant to 28 U.S.C. § 2241. *Id.*; *see also Romandine v. United*

*States*, 206 F.3d 731, 736 (7th Cir. 2000) (holding that "requests for sentence credit, or for recalculation of time yet to serve . . . must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits)"). To the extent that the Defendant's Letter-Motion requests that this Court alter the BOP's jail time calculation, it is denied.

D.     **Supervised Release**

Finally, the Defendant requests that the Court modify his supervised release terms. "[A] district court may modify conditions of supervised release at any time under 18 U.S.C. § 3583(e)(2)." *United States v. Neal*, 810 F.3d 512, 516 (7th Cir. 2016). More particularly, § 3583(e)(2) permits a defendant to request relief from a condition of supervised release on *substantive grounds*, such as the condition is substantively unlawful or that it no longer serves the purposes of supervised release. Section 3583(e)(2) does not authorize such late challenges based on asserted *procedural errors* from the time of the original sentencing, such as a claim that the court failed to provide a sufficient explanation for the condition or that there was not sufficient evidence to support the then-unchallenged condition. *Id.* at 514. The Defendant's contention that many conditions of his supervised release must be vacated because the sentencing court did not explain how the conditions were specifically tailored to him, but were boilerplate, does not constitute a viable ground for relief under § 3583(e). *See id.*

The Defendant also asks that the Court "review the harshness and broad sweeping nature" of the conditions imposed upon him, and notes that they "are general and vague."

(Letter-Motion 1.) This request is problematic because the Defendant does not further elaborate or identify any of the problematic conditions. Before this Court can consider granting the relief, the Defendant must specifically identify the problematic conditions. *Cf. Neal*, 810 F.3d at 521 (stating that when the defendant has identified specific conditions for the court to evaluate, the district court is not expected to "hunt for other problematic conditions of supervised release.") Moreover, the Defendant is not yet on supervised release, and his expected release date (September 2024) is nearly eight years away.

Section 3583(e)(2) should be reserved for substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release. *Neal*, 810 F.3d at 520. Therefore, within three months before his release date, the Defendant should file any motion raising substantive challenges to the conditions of his release. *See, e.g.*, *United States v. Siegel*, 753 F.3d 705, 717 (7th Cir. 2014) (suggesting, as one of five best practices regarding conditions of supervised release, that on the "eve" of release from prison a defendant should attend a brief hearing before the sentencing judge or his successor in order to be reminded of the conditions of supervised release, and that the hearing would also be a "proper occasion for the judge to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by the defendant's experiences in prison.") At that point, the Court would follow the procedures set forth in Federal Rule of Criminal Procedure Rule 32.1 (c) (directing that the court "hold a hearing, at which the person has a right to counsel and an opportunity to make a statement and present any information in mitigation" unless the hearing is waived or the relief sought is "favorable to the person and does not extend the term of probation or of supervised release," and the government does not object). This will avoid the

7

piecemeal litigation of issues pertaining to supervised release conditions, conserve the resources of the parties and the Court, and should enable the Defendant to progress to supervised release, at the appropriate time, with conditions that are neither fatally overbroad nor ambiguous.

**CONCLUSION**

For the reasons stated above, the Court DENIES the various requests for relief set forth in the Defendant's Letter-Motion [ECF No. 201]. With respect to the request for modification of the terms of supervised release, the motion is denied without prejudice as premature and with leave to re-file closer to the Defendant's release date.

SO ORDERED on November 17, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT