UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 1:09-CR-51-TLS |
| JERMAINE ASKIA COOPER | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 213], filed on June 4, 2020. In his Motion, the Defendant asserts that he is eligible for a sentencing reduction because he was convicted of a crime that occurred prior to August 3, 2010, and under a statute for which the statutory penalty was modified by the Fair Sentencing Act. Although his guideline range was unchanged by the Act and the length of his sentence is statutorily permissible, the Defendant asks the Court to consider reducing his sentence based on the factors listed in 18 U.S.C. § 3553(a) and evidence of post-sentencing mitigation. Specifically, the Defendant requests the Court to reduce his term of imprisonment to time served with a term of 3 years of supervised release or, in the alternative, to 188 months imprisonment with a term of 3 years of supervised release. The Government contends that the § 3553(a) factors do not justify a reduction in the Defendant's term of imprisonment. For the reasons set forth below, the Court finds that the Defendant is eligible to be considered for a reduced sentence under Section 404(b) of the First Step Act and finds, in its discretion, that the § 3553(a) factors and Defendant's post-sentencing conduct warrant a reduction in his sentence. Therefore, the Court GRANTS the Defendant's motion and reduces the Defendant's term of imprisonment to 156 months and his term of supervised release to 3 years.

**BACKGROUND**

On December 16, 2009, an eight-count Superseding Indictment [ECF No. 41] was filed, charging the Defendant with numerous drug-related offenses. The Defendant proceeded to a five-day jury trial, where he was found guilty of knowingly and intentionally distributing less than five grams of a mixture and substance containing a detectable amount of cocaine base, commonly known as "crack cocaine," in violation of 21 U.S.C. § 841(a)(1) (Counts 1, 3, and 4); knowingly and intentionally possessing with the intent to distribute five grams or more of a mixture and substance containing a detectable amount of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count 5); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 7); and corruptly attempting to obstruct, influence, and impede an official proceeding by promising payment to another person, in violation of 18 U.S.C. § 1512(c)(2) (Count 8). *See* ECF No. 89.

On September 7, 2011, the Defendant was sentenced to serve, concurrently, 240 months imprisonment and 3 years of supervised release on Counts 1, 3, 4, and 8; 265 months imprisonment and 4 years of supervised release on Count 5; and 120 months imprisonment and 3 years of supervised release on Count 7. *See* Sentencing Hr'g, ECF No. 127. Upon motion by the Defendant [ECF No. 192], the Court later reduced the Defendant's sentence to 211 months imprisonment on Counts 1, 3, 4, 5, and 8, because, pursuant to Amendment 782, § 1B1.10 of the United States Sentencing Guidelines, and 18 U.S.C. § 3582(c)(2), the Defendant's total offense level and guideline range were reduced. Mar. 29, 2016 Op. & Order 5, ECF No. 199.

On March 3, 2020, the Defendant filed a Letter [ECF No. 208] with the Court requesting that he be assigned an attorney to determine if he qualifies for relief under the First Step Act. The Court, in response to the Letter [ECF No. 208], referred this matter to the Northern District of

Indiana Federal Community Defender's Office. Mar. 30, 2020 Order, ECF No. 209. A Sentencing Reduction Addendum [ECF No. 211] and a Revised Sentencing Reduction Addendum [ECF No. 212] were then filed in this matter by the United States Probation Officer.

On June 4, 2020, the Defendant filed the instant Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 213] requesting the Court to reduce his sentence pursuant to the First Step Act because he is a defendant who committed a crack cocaine offense prior to August 3, 2010, who is still serving a sentence for that offense. The Government filed its Response [ECF No. 216] on July 9, 2020, opposing the Defendant's request to reduce his term of imprisonment[1]. On July 24, 2020, the Defendant filed his Reply [ECF No. 217].

## DISCUSSION

The Defendant seeks a reduction in his sentence based on Section 404(b) of the First Step Act. "A judge considering a motion for a reduced sentence under the First Step Act is faced with two questions. First, *may* the court reduce the sentence? And second, *should* the court reduce the sentence?" *United States v. Shaw*, 957 F.3d 734, 736 (7th Cir. 2020) (citing Pub. L. No. 115-391, 132 Stat. 5194, § 404(a) (2018)). A court may reduce a defendant's sentence if the defendant was convicted of a "covered offense": that is, "if [the] defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act." *United States v. Hudson*, 967 F.3d 605, 609 (7th Cir. 2020) (citing *Shaw*, 957 F.3d at 735).

The Government does not contend that the Court is without authority to reduce the Defendant's sentence. Indeed, to do so would be futile as the Defendant's conviction under Count 5 clearly constitutes a covered offense. *See Shaw*, 957 F.3d at 739–40 (holding that the district court erred by concluding that a defendant convicted of possession with the intent to

---

[1] The Government has indicated that it does not object to the Court reducing the Defendant's term of supervision as to Count 5 to 3 years. Gov't's Resp. 13, ECF No. 216.

3

distribute more than 5 but less than 50 grams of crack cocaine was ineligible to seek relief under the First Step Act); *see also Hudson*, 967 F.3d at 611 ("[A] court may consider a defendant's request for a reduced sentence, including for non-covered offenses that are grouped with the covered offenses to produce the aggregate sentence."). Instead, the Government simply argues that the Court should refrain from exercising its authority to reduce the Defendant's sentence. "[A] district court may consider all relevant factors when determining whether an eligible defendant merits relief under the First Step Act[,] . . . includ[ing] different statutory penalties, current Guidelines, post-sentencing conduct, and other relevant information about a defendant's history and characteristics." *Hudson*, 967 F.3d at 611–12 (citing *Shaw*, 957 F.3d at 741–42). The Government argues that the relevant factors do not support reducing the Defendant's sentence.

Foremost, the Government contends that the Court should not reduce the Defendant's sentence because his advisory guideline range has not changed and because his sentence remains within the revised statutory penalties. However, "eligibility for a reduced sentence under the First Step Act is not conditioned on a lowered guideline range." *United States v. Minniefield*, No. 1:09-CR-66, 2020 WL 1150174, at *5 (N.D. Ind. Mar. 10, 2020) (citing *United States v. Garrett*, No. 1:03-CR-62, 2019 WL 2603531, at *3 (S.D. Ind. June 25, 2019); *United States v. Shelton*, No. 3:07-329, 2019 WL 1598921, at *2 (D.S.C. Apr. 15, 2019)). Furthermore, this Court has recognized "that the significant reduction in the statutory penalty range under the Fair Sentencing Act, with the elimination of a mandatory minimum term of imprisonment and a 20-year decrease in the maximum term of imprisonment . . . , reflects 'Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses . . . .'" *Id.* (quoting *Garrett*, 2019 WL 2603531, at *3), *see also United States v. Fields*, No. 1:08-CR-11,

2020 WL 3097459, at *4 (N.D. Ind. June 11, 2020) (quoting *Garrett*, 2019 WL 2603531, at *3). Accordingly, these arguments are unpersuasive.

The Government further argues that the Defendant's sentence should not be reduced because the instant offense is his fourth felony and the underlying conduct was severe. Additionally, the Government suggests that the Defendant is unlikely to comply with the conditions of his supervised release because he engaged in criminal conduct during his prior terms of supervision.

The Government sells short the Defendant's progress and the severity of his sentence. The Defendant has served 11 years of an almost 18-year term of imprisonment. If the Defendant serves the entirety of his remaining sentence, he will be approximately 54 years old when he is released. *See* Find An Inmate, https://www.bop.gov/inmateloc/ (last visited Nov. 6, 2020). Despite the length of his term of imprisonment, the Defendant has used his time productively. The Defendant's record indicates that he has maintained relatively good behavior and has availed himself of multiple educational opportunities offered by the BOP. Def.'s Mot. for Reduced Sentence Ex. A, ECF No. 213-1. Furthermore, the Defendant represents—and the Government does not contend otherwise—that he has maintained regular work assignments during his period of incarceration. Def.'s Mot. for Reduced Sentence 10, ECF No. 213. Accordingly, based on the Defendant's post-sentencing conduct and the fact that the FSA reflects Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, a reduction in the Defendant's sentence is warranted.

Having now considered the parties' arguments and the sentencing factors of § 3553(a), the Court will reduce the Defendant's sentence to 156 months imprisonment on Counts 1, 3, 4, 5,

and 8, with 3 years of supervised release to follow, which is sufficient but not greater than necessary to accomplish the sentencing goals in § 3553(a).

## CONCLUSION

Based on the foregoing, the Court hereby ORDERS:

1. Defendant's Motion for Reduced Sentence Under Section 404(b) of the First Step Act [ECF No. 213] is GRANTED with relief different than requested;

2. An Amended Judgment shall be entered reducing Defendant's sentence to 156 months imprisonment and 3 years of supervised release;

3. The provisions of Defendant's judgment of March 30, 2016 [ECF No. 200], shall otherwise remain unchanged;

4. This Opinion and Order, as well as the Amended Judgment, shall be provided to the Bureau of Prisons; and

5. This Opinion and Order, as well as the Amended Judgment, shall be provided to the United States Probation Office for the Northern District of Indiana.

SO ORDERED on November 6, 2020.

        s/ Theresa L. Springmann
        JUDGE THERESA L. SPRINGMANN
        UNITED STATES DISTRICT COURT